Ms. Litwin is here for the appellate and Ms. Darrow is here for the government and when you're ready Ms. Litwin you may begin. May it please the court, Ashley Litwin and Mark Seidels representing Edriss Baptiste. This is a rather straightforward question before the court today. Whether time spent in immigration custody awaiting deportation counts as a prior sentence of imprisonment for criminal history purposes. Can I stop you for a second? Do we even need to get to that question? Let me tell you what I'm thinking and you can tell me if you think I've missed something. We have case law in this circuit, a case called Rockman and then another one called Wright where we have said that sentences that are imposed where adjudication of guilt is withheld do not fall under the definition of prior sentence in section 4A1.2A1 and we've said instead that a withhold of adjudication is considered a diversionary disposition under section 4A1.2F. We've said that in Wright and so if you look at 4A1.2F that says that diversion from the judicial process without a finding of guilt, e.g. deferred prosecution is not counted. A diversionary disposition resulting from a finding or admission of guilt, which is what we have here, or a plea of no low contendere in a judicial proceeding is counted as a sentence but then it says under 4A1.1C even if a conviction is not formally entered except the diversion from juvenile court is not counted. But in other words, it specifically says that it has to be counted under 4A1.1C and so by specifying what it has to be counted on, it seems to me that it's saying it cannot be counted under 4A1.1 and the other part of 4A1.1 but only under C. And so if it can only be counted under 4A1.1C then we add one point. Is there something wrong with my analysis? Am I missing something here? No Your Honor. We had this issue in a different case. I think that maybe because it was originally a no low contendere plea which was then vacated that people were not focusing on the withhold but yes, it's a withhold of adjudication. It seems like under the guidelines it should only fall, it should only be one point. It should not be able to be two points, yes. And so then we wouldn't have to reach the question of whether being held in a detention center, immigration detention, would count as imprisonment or not, right? Yes, Your Honor. At that point then, no. We wouldn't have to reach the question at all. Just in case my colleagues may not agree with me, we haven't discussed this case before, please feel free to go ahead. Yes, I mean, yes, Your Honor, I think that that is correct but I would also then yes, argue that this court has already determined that time spent in immigration custody is not a criminal imprisonment. It is a civil detention. And there's been many cases that this court has underwent and explained that a defendant's speedy trial rights don't attach, that there's no right to presentment under Rule 5A, there's no due process rights because a defendant hasn't been accused or charged with a crime when they're going into immigration detention. In order to accept your argument, we would have to overlook the plain language of the sentencing guideline though, right? And we've said before in United States v. Glover that the only thing we look to is the pronouncement. We look to the language used in the sentencing court's judgment, period, the pronouncement of the sentence. It doesn't matter whether you spent time in civil or criminal . . . I don't use the word civil or criminal. It says you only look to the language of the sentencing court's judgment. That's what we said in Glover and that's what the sentencing guideline says. How do we get around that? Well, Your Honor, two things. I mean, if we're just looking at the sentencing guideline, I'll address first and then we can talk about Glover and the Eighth Circuit cases that it discusses. The guidelines, the specific guideline that's being discussed by the government and Glover is 4A1.2 Commentary 2 and it actually only discusses the length of imprisonment. It's not discussing whether something's categorized as a prior sentence of imprisonment. It specifically states, quote, the length of imprisonment is the stated maximum. That is, criminal history points are based on the sentence pronounced, not length of time actually served. So it's not going to this threshold question, which is, is this a sentence of imprisonment of prior imprisonment? It's saying once you've determined that that's a prior sentence of imprisonment, this goes to the length of time. And actually, one of the Eleventh Circuit cases that's cited to in Glover, United States versus Urbizu, 4F3, 636th, Eighth Circuit, 1993. So one of the Eighth Circuit cases that Glover relies upon specifically finds this. It says that this guideline, this commentary of courts look to the sentence pronounced is only dealing with time of imprisonment. It doesn't answer the question, which is the threshold question of whether something is a sentence of prior imprisonment. So then going to whether something is a sentence of prior imprisonment, what to look for. The Eighth Circuit cases and Glover are all discussing contradicting evidence. So what they say is that when the judgment contradicts the outside evidence, of course we only look to the judgment. So in Drake, which is one of the Eighth Circuit cases cited to Glover, in that case the judgment said the person got jail time, X number of days. But then the court wrote an affidavit contradicting that, saying it should have been different amounts of jail time. So in that case, of course, the court says we should look to the judgment. In Urbuzu, the court specified that it would be six months in a jail-type institution. But then the defendant actually put in a halfway house. So again, this would be contradicting evidence. But in our case, this isn't contradicting the face of the judgment. The judgment said 196 days time served. So what does that mean? It didn't say time served in a jail-type institution. It didn't say time served in criminal imprisonment. It just said time served. But to understand what time served means, we need to look at the facts. And everybody agrees that those 196 days served were in civil incarceration and immigration custody. And everybody agrees that that was not because he was accused or charged with a crime at that time. That he was picked up by immigration to deport him. So in this case, this is not the same as Glover or Drake or Urbuzu, where the facts would contradict the judgment. It's actually necessary. And there's a- Ms. Lipman, could I interrupt you for just one minute? I'm looking at this record, and you know the record far better than I do. But when I'm looking at the record, I see one of the documents is from the Florida State Court System, which was a Defendant's Exhibit A to something that was filed. And that shows the original conviction. It shows the vacating of it. I don't see anything in here at all about this deferred adjudication, other than in the pre-sentence report. Is there any other evidence of the judgment that's being relied upon to support the adjustment in the PSR? No, Your Honor. There's not. So the only thing in here is on page- paragraph 34 of the PSR, which simply says adjudication withheld 198 days time served. But that's not supported by the record from the Florida court, is it? Well, Your Honor, the court doesn't explain. The Florida court doesn't explain what happened after. No, I understand. But I'm looking at the docket of the Florida court. I don't see anything in there to indicate that on August 10, 2010, anything happened. No, there's nothing on that record, the docket, to show what happened, Your Honor. So the only thing that we're talking about is the PSR author got something from someplace not in the Florida State Court's record that says there was this deferred adjudication, right? Yes, Your Honor. Okay. All right. That is all there is to rely upon. Why isn't the judgment of conviction from the state court in the record? Because Your Honor, probation doesn't have to put it into the record and to rely upon it and they didn't. And everyone agreed that there was a withhold of adjudication and it was 198 days time served was the pronouncement of judgment. And once there's no objection from either party, the parties are bound by what's in the PSR. Is that right? Yes, Your Honor. And that's why I, just to reiterate, I mean, we agree that the judgment at the time said 198 days time served, but that in of itself, it says time served in immigration custody. So the question becomes again, was that time served in a sentence of incarceration or was it a civil detention by INS? Thank you. All right. Ms. Darrell? May it please the court, Maisha Darrell, also present is Gerard Peeble and we represent the United States of America. Your Honor, in this case, the district court properly calculated the defendant's criminal history points. The . . . I'm sorry. I would like to ask you the same question that I asked the appellant. Do you want me to repeat my thoughts on this and you can tell me why you think they're incorrect if you do? Yes, Your Honor. Okay. So under our case law, we have said that sentences imposed where adjudication of guilt is withheld do not fall under the definition of, quote, prior sentence, unquote, in section 4A1.2A1. And that's in the case of Rockman and Wright. And we've said instead that a withhold of adjudication is considered a diversionary disposition under section 4A1.2F. We've said that in Wright. So then that means we have to look to 4A1.2F to see how to handle this since this is a diversionary disposition. And the second sentence there says, a diversionary disposition resulting from a finding or admission of guilt or a plea of nolo contendere, which is what we have in this case, in a judicial proceeding is counted as a sentence under section 4A1.1C, even if a conviction is not formally entered. So in other words, it specifies that it's counted as a sentence under, in particular, 4A1.1C. And by specifying 4A1.1C, it seems to me that it cannot be counted under any other provision. If that's the case, then under 4A1.1C, we would add one point. If we added one point, that would make this a Category 1 instead of a Category 2. And we would have to send this back for re-sentencing. So my question for you is whether there's something that I've misunderstood here or there's some fault in how I've explained this theory. Your Honor, if the court has previously found that a withhold of adjudication would be considered a diversion plea under 4A1.2F, then this would be a case that would fall, that we should look at under Section C then, if that were to be the case. But it's the government position that that is not the case and that the two points, criminal history category points, should apply in this case, making this a Category 2. Why is that? Are you familiar with the cases of Rockman or Wright? No, I'm not, Your Honor. I didn't have those cited. So that's why I started off with, if that is the law of this circuit, then yes, it could potentially fall under that diversionary section, which would then apply Section C to make it Category 1. I'm sorry. Just to be sure that I'm understanding your position. You are agreeing that if case law in this circuit says that a plea of nolo contendere or a plea of guilt, where adjudication is withheld, is considered a diversionary disposition, then this case is governed by 4A1.1C. Yes, Your Honor. Okay. Thank you. Okay. But, Your Honor, it's the government's position that it does not fall under that section, Your Honor, and that the district court in this case did correctly calculate the defendant's criminal history category points. And Your Honor, that's because when we look at, as the court has heard, U.S. v. Glover, in that case, when the court was making its determination, it specifically cited United States v. Drake and United States v. Yerbuzi. And in United States v. Yerbuzi, when a defendant was sentenced to six months in a jail-type institution, the defendant at the district court level said, well, I was actually in a halfway house. And the district court judge did not rely on that. And specifically, the Eighth Circuit, when it affirmed the district court's decision, stated that where the sentencing court's written judgment and the defendant's evidence describe the nature of the confinement differently, a rule that relies on the language used in the sentencing court judgment will better promote the purposes of Chapter 4 of the sentencing guidelines. Additionally, when this court, in that decision, in United States v. Glover, cited United States v. Drake, which is very similar to what we have here, in that case, when a defendant was attacking the number of days that he actually served, he presented an affidavit from the district court judge. And the district court ruled that it could not rely on the affidavit, that the district court must rely on the sentencing document. And because of that, the Eighth Circuit affirmed and stated that the most authoritative record of a prior sentence is the state court judgment, not the state court judge's affidavit stating the sentence he would have imposed. And so, Your Honor, in this case, when a district court judge relied on the sentencing document, that's what the sentencing guidelines required. That's what the law of the circuit is. And if not, then we would essentially be having many trials at the sentencing hearings in these types of cases. But because the district court actually followed the rules that are set out in the law of the circuit, the district court properly calculated the defendant's criminal history category points, Your Honor. Can a state court judge sentence someone to civil detention? No. Right? No. The state court judge . . . So therefore, how can the state court judge sentence someone to time served in civil detention? That's my question. Right. Well, Judge, because we would be speculating as to how the judge came up with the 198-day sentence. In this record, we know that two days was spent after he was arrested. We know he was initially sentenced to 45 days in the work camp, followed by the two years of probation. So he did serve time of the 45 days and the two days. So how the judge calculated the 198 days, we don't know. But what we do know for sure is that the judge issued a 198-day sentence. And how the judge made the determination for determining that the defendant had met that requirement is for the state court judge. Here, we simply go to the sentencing document in order to make that determination. So if there are no further questions, Your Honor, the government will rely on its brief. And I would say that the district court properly calculated Mr. Baptiste's criminal history points and that this court should affirm. Thank you, Your Honor. Thank you, Ms. Darrell. And Ms. Litwin, you have reserved some time for rebuttal. I guess I'm still struggling with our precedent that says the only thing you look to is the pronouncement of the sentence itself. And that's it. Your Honor, again, when they use the word sentence, the pronouncement of the sentence, it is discussing only the length of term of imprisonment. It's not discussing the characterization, whether or not it's a prior term of imprisonment. And Urbuzu stated, which I think this quote is very helpful. It says, the need for additional fact finding is diminished when a district court can rely on the prior court's written judgment to determine the nature of a defendant's prior sentence. And that's the point here. Especially even when the government was discussing all of these other cases, they used the term differently. They said it was the opposite of what they actually imposed. Those things show that there was a contradiction, right? The judgment itself in all of those cases was sufficient for a finding of imprisonment. It was sufficient for a finding of a prior sentence of imprisonment. But in our case, the judgment itself isn't contradicted by any of the evidence that we're bringing forward. It just said 196 days time served. That's it. It didn't say in a jail-type institution. It didn't say an incarceration. It just said 196 days time served. So this outside evidence that we're bringing in, or the facts in this case, aren't contradicting everything. So additional fact finding, again, as Urbuzu said, is diminished when a district court can rely on a prior court's written judgment alone. But here they can't. Here it's not sufficient because the 196 days time served was in immigration custody. Now, the government is now saying that we're speculating where those 196 days came from. But we're not. There was evidence presented to the district court on the date that Mr. Baptiste was detained by immigration, which is also in the PSI. And then we entered into evidence a record from Immigration Counsel showing when he was released, which showed that that was exactly 196 days. Now, this was raised in objection in the district court. If the government at that time wanted to put in other evidence, add a judgment in from the state court to show that it wasn't referring to immigration custody, they had that opportunity. But they didn't. And once we raise an objection at sentencing, the burden shifts to the government. So this isn't even our burden to carry, to establish that this was a prior sentence of imprisonment. This is the government's burden to carry. And they simply didn't do that. There were not the documents present that were required. The judgment was not put into evidence. And again, all we have on this record is the PSI, which says that it was 196 days' time served. And on this record, we know, because it wasn't challenged by the government at the sentencing nor in the brief, where this time in custody was spent. It was an immigration detention pending removal. It wasn't based upon an accusation or a charge of guilt. And the last thing I will say, just bringing it back to Judge Rosenbaum's argument, Judge Rosenbaum's questioning regarding Rockman and Wright. And yes, I'm familiar with Rockman, not as much with Wright. But Rockman does say that a withhold of adjudication is a diversionary disposition. And therefore, it should be controlled by 4A1.2F and only be one criminal history point. If there's nothing further. I think we have your argument, Ms. Litwin. Thank you. Thank you, Your Honors. And I see that you were appointed by the court to represent Mr. Baptiste. The court is grateful for your assistance. Thank you. Thank you, Your Honor.